## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREA L. MARION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | 1:24-cv-03650-MLB-AWH |
| vs. | ) | |
| | ) | |
| ASSOCIATED CREDIT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S INITIAL DISCLOSURES

COMES NOW, Associated Credit Servies, Inc., Defendant in the above-referenced action (hereinafter "Defendant"), and files its Initial Disclosures as follows:

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Answer – Defendant has not been improperly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

- 1 -

**Answer – At this time, Defendant does not contend that any necessary parties to this action have been omitted by Plaintiff in his complaint.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Answer – Plaintiff has multiple accounts with Six Flags Theme Parks that are unpaid. Defendant attempted to collect those accounts. Defendant's reporting of the unpaid accounts is accurate, and it conducted reasonable investigations. Defendant denies that its actions or omissions in attempting to collect those accounts violated the law.**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative law which defendant contends are applicable to this action.

**Answer – Plaintiff has alleged claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendant is still investigating Plaintiff's claims and will supplement this Disclosure.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Answer – Please see Attachment A attached hereto.  Defendant intends to supplement this response as discovery reveals additional information responsive to this Disclosure.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Answer – None at this time.  Defendant will supplement this response to Initial Disclosure No. (6) when it has retained such an expert.  There is no Exhibit B attached.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subject of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Answer – Please see Attachment C attached hereto.  Defendant intends to supplement this response as discovery reveals additional information responsive to this Disclosure.**

- 3 -

(8) In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is base, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Answer – No damages have been claimed by Defendant at this time.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Answer – At this time Defendant does not contend that another person or legal entity is liable to the plaintiff or defendant.**

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Answer – Defendant will submit responsive documents under separate cover.**

Respectfully submitted this 4th day of June 2025.

**BEDARD LAW GROUP, P.C.**

<u>/s/ Jonathan K. Aust</u>
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant*

4855 River Green Parkway
Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com

## Attachment A

Defendant responds to Initial Disclosure No. (5) as follows:

1. Plaintiff Andrea Marion:  Plaintiff has knowledge concerning the claims alleged in her Complaint, including the basis for Defendant's alleged liability, the nature and extent of any alleged damages, and knowledge of any documentation regarding same.  1301 Kenelworth Dr. Apt. 5 East Point, Georgia 30344.

2. Michelle Chirco:  Michelle Chirco is the Chief Compliance Officer for Defendant. She has knowledge regarding the allegations contained in Plaintiff's Complaint, the account at issue, Defendants attempts to collect those accounts and Defendant's policies, procedures and training. She is a current employee of Defendant and may only be contacted through counsel.

3. Records Custodian:  Records custodian of Defendant has knowledge as to their business' operations, their policies and procedures, their systems of recordkeeping and the related policies and procedures regarding same and their respective documents.

## **Attachment C**

Defendant responds to Initial Disclosure No. (7) as follows:

1. Account Notes

2. Correspondence

3. Policies and Procedures

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREA L. MARION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | 1:24-cv-03650-MLB-AWH |
| vs. | ) | |
| | ) | |
| ASSOCIATED CREDIT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed Defendant's Initial Disclosures and served a copy of same by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Andrea Marion
3201 Kenelworth Dr.
Apt. 5
East Point, Georgia 30344

Respectfully submitted this 4th day of June 2025.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 488584
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Defendant*